IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

GREGORIO TOLEDO-FERNANDEZ,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

**CIVIL NO. 06-1861 (JAG/BJM)**
(Related to Crim. No. 03-124 (JAG))

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On September 1, 2006, Gregorio Toledo-Fernandez (hereafter "Toledo" or "petitioner") filed a verified petition to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 1). Toledo bases his petition on three grounds. First, petitioner claims that the indictment fails to state a criminal offense and the court therefore lacks jurisdiction. (Docket No. 1, Ex. II). Second, petitioner claims that the application to his criminal case of an October 22, 1999 amendment to 18 U.S.C. §§ 1006 and 1014 violated the Ex Post Facto Clause of the U.S. Constitution (U.S. Const. Art. I, § 9, cl. 3). Id. at Ex. III. Finally, petitioner claims that during the Rule 11 hearing, he "admitted facts that were not Sufficient to meet the elements of the charged offenses under [Fed. R. Cr. Proc.] 11." Id. at Ex. IV. The government opposes the petition and submits that his claims are devoid of merit. (Docket No. 4). This matter was referred to me for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1). (Docket No. 5). For the reasons set forth below, I recommend that the petition be **DENIED**.

**I.**     **Procedural and Factual Background**

On April 2, 2004, petitioner and others were charged in a sixty-two count superceding indictment. (Cr. No. 03-124, Docket No. 475). Count One charged Toledo with conspiracy to

Gregorio Toledo-Fernández v. United States of America   Page 2
Civil No. 06-1861 (JAG/BJM)
Report and Recommendation

commit an offense against and to defraud the United States in violation of 18 U.S.C. § 371. (Cr. No. 03-124, Docket No. 475). Petitioner was also charged with seven counts of making false statements in violation of 18 U.S.C. § 1014. Id.

On March 21, 2005, petitioner pled guilty to Count One pursuant to a plea agreement that described the offense of conviction as follows:

> 1. The defendant, GREGORIO TOLEDO-FERNANDEZ, agrees to plead guilty to Count One of the Indictment against him.
>
> Count One charges that on or about September 26, 1998, and continuing up to in or about July 2000, in [various cities in Puerto Rico], and other areas in the District of Puerto Rico, the defendant, GREGORIO TOLEDO-FERNANDEZ, did conspire, confederate, and agree, with [several co-defendants], and others, to defraud the Farm Service Agency, an agency of the United States, in the process of evaluating, approving, and disbursing emergency and operational loans, and providing awards and incentives available to farmers that qualified and who were in need because of damages suffered as a consequence of the passing of Hurricane Georges through the island of Puerto Rico, on or about September 21, 1998.
>
> In furtherance of the conspiracy, the co-conspirators committed several overt acts. Defendant GREGORIO TOLEDO-FERNANDEZ, is mentioned in Overt Act(s) [8, 14, 17, 27, 30, 36, 37, 44, 45, 69, 70, 73, 74, 75, 76, 78, and 84]. All in violation of Title 18, United States Code, Section 371.

(Cr. No. 03-124, Docket No. 803). In addition, the plea agreement contains a separate statement of facts which details: 1) petitioner's agreement with several other individuals to defraud the Farm Service Agency ("FSA") by submitting false claims of losses due to Hurricane Georges; 2) his submission of the false claims; and 3) his willing receipt and personal use of the money given by the FSA in response to the false claims. Id. at pp. 9-12. Petitioner initialed and signed the statement of facts. Id.

Petitioner was sentenced on August 11, 2005 to a four-year term of probation and six months

of home confinement as to Count One. (Cr. No. 03-124, Docket No. 883). The court also imposed a special assessment of $100. Judgment was entered on August 30, 2005. (Cr. No. 03-124, Docket No. 894). The remaining counts of the indictment were dismissed. No direct appeal was filed.

## II.   Analysis

### A.   Section 2255 Standard

Section 2255 of Title 28 provides four grounds for relief: 1) that the sentence was imposed in violation of the Constitution or laws of the United States; 2) that the court was without jurisdiction to impose such sentence; 3) that the sentence was in excess of the maximum authorized by law; and 4) that the sentence is otherwise subject to collateral attack. A § 2255 petition may be summarily denied where it contains mere bald assertions without specific factual allegations. Barrett v. United States, 965 F.2d 1184, 1186 (1st Cir. 1992). In addition, even a facially adequate petition may be denied without a hearing where the alleged facts are conclusively refuted by the files and records of the case. Id.; *accord*, Lema v. United States, 987 F.2d 48, 51-52 (1st Cir. 1993).

Once sentence has been imposed, a plea may be set aside only on direct appeal or by motion under 28 U.S.C. § 2255. United States v. Noriega-Millan, 110 F.3d 162, 166 (1st Cir. 1997). "A defendant does not enjoy an absolute right to withdraw a plea of guilty, once it has been entered." United States v. Miranda-Santiago, 96 F.3d 517, 522 (1st Cir. 1996), *citing* United States v. Isom, 85 F.3d 831, 834 (1st Cir. 1996). Importantly, a defendant who never sought to withdraw his plea before the district court and challenges it for the first time on collateral attack under a § 2255 motion bears a high hurdle. The defendant must come forward with sufficient evidence to demonstrate "a fundamental defect which inherently results in a complete miscarriage of justice [or] an omission

inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428 (1962). A § 2255 motion is granted only under "exceptional circumstances." Id.

### B.    Petitioner's Claims

Petitioner bases his § 2255 petition upon three grounds, all of which stem from a single legal argument regarding an amendment made to 18 U.S.C. §§1006 and 1014. Prior to amendment, the statute proscribed defrauding and making false statements to "the Secretary of Agriculture acting through the Farmers Home Administration." On October 22, 1999, Congress amended the statute by inserting "or successor agency" after "Farmers Home Administration" each place it appears. See Public Law 106-78, Title VII, § 767, 113 Stat. 1174. Petitioner argues that all counts in the indictment charged violations of 18 U.S.C. §§ 1006 and 1014 for fraud that involved the FSA (a successor agency to the Farmer's Home Administration ("FHA")), and not the FHA. Thus, petitioner argues that the indictment and his conviction are invalid since he committed his offense of defrauding the FSA in 1998 – before §§ 1006 and 1014 were amended to make it a crime to defraud that successor agency. Petitioner's argument fails, however, because petitioner was not convicted of violating 18 U.S.C. §§ 1006 and 1014, but rather of a conspiracy to defraud an agency of the United States in violation of 18 U.S.C. § 371. (Cr. No. 03-124, Docket No. 894).

#### 1.    *The Indictment*

Petitioner first argues that the court lacks jurisdiction because the indictment fails to state a criminal offense. (Docket No. 1, Ex. II). In particular:

> The Indictment has no allegation that [sic] Farm Service Agency is a "successor agency" to the Farmers Home Administration, since this is contrary to the law; §§1006 and 1014 were not viable charging options for violations alleged to have occurred prior to October 22, 1999 which involved the Secretary of Agriculture

acting through any agency other than the Farmers Home Administration.

Id.

As mentioned above, petitioner's argument is based on a mistaken premise. Although petitioner was charged with seven counts of making a false statement under 18 U.S.C. §1014, those counts were dismissed at sentencing and are irrelevant to the merits of petitioner's claim. Instead, petitioner pled guilty to, and was convicted of, Count One, which charged a conspiracy to defraud and commit offenses against the United States in violation of 18 U.S.C. § 371. The issue, then, is whether the indictment adequately alleged an offense under 18 U.S.C. § 371.

The plain language of § 371 prohibits two distinct types of conspiracies – that is, conspiracies "*either* to commit any offense against the United States, *or* to defraud the United States, or any agency thereof." 18 U.S.C. § 371 (emphasis added). As the Eleventh Circuit has noted, "[i]n order to charge a violation under § 371, the government must show that the defendant conspired to commit one or more substantive offenses against the United States, *or* that the defendant conspired to defraud the government in any manner or for any purpose .... The statute is written in the disjunctive and should be interpreted as establishing two alternative means of committing a violation." United States v. Harmas, 974 F.2d 1262, 1266 (11th Cir. 1992) (emphasis added). See also United States v. Barker Steel Co., Inc., 985 F.2d 1123, 1131 (1st Cir. 1993) ("§ 371 proscribes two distinct types of conspiracies: (1) conspiracies to commit a specific offense against the United States, included elsewhere in the criminal code, and (2) conspiracies to defraud the United States").

Moreover, although the first type of § 371 conspiracy requires an agreement to commit an offense prescribed elsewhere in the criminal code, the second modality under § 371 (conspiracy to

**Gregorio Toledo-Fernández v. United States of America**  Page 6
**Civil No. 06-1861 (JAG/BJM)**
**Report and Recommendation**

defraud the United States) does not require allegations of any other statutory offense. See Id., *citing* United States v. Hurley, 957 F.2d 1 (1st Cir. 1992); see also Hammerschmidt v. United States, 265 U.S. 182, 188 (1924) ("defrauding" the government under § 371 means obstructing the operation of any government agency by any "deceit, craft or trickery, or at least by means that are dishonest"); United States v. Wapnick, 60 F.3d 948, 953 (2d Cir. 1995), *cert. denied*, 517 U.S. 1187 *and* 518 U.S. 1021 (1996) ("a conspiracy conviction under § 371 does not require that the government prove a violation of a separate substantive statute"); United States v. Jackson, 33 F.3d 866, 870 (7th Cir. 1994), *cert. denied*, 514 U.S. 1005 (1995)  ("§ 371 proscribes [two] sorts of conspiracies, but does so in the disjunctive, thereby obviating the need to demonstrate the violation of a separate substantive offense in a § 371 conviction for conspiracy to defraud the United States").

In the present case, Count One of the indictment accused the defendants of conspiring: (1) to "defraud the Farm Services Agency, an agency of the United States, in excess of ten million dollars"; and (2) to "make false statements or reports... for the purpose of influencing the actions of the Secretary of Agriculture." (Cr. No. 03-124, Docket No. 475, p.6).  The former allegation clearly states an offense under the "defraud" clause of § 371.  Moreover, since a § 371 conspiracy to defraud an agency of the United States does not require proof of a conspiracy to violate a separate substantive offense, the indictment's alleged failure to properly state a crime under 18 U.S.C. §1014 is simply irrelevant to the adequacy of the pleadings in Count One.  What is relevant is the fact that the indictment properly alleged a conspiracy to defraud an agency of the United States, namely the Farm Service Agency ("FSA").  That agency was established in 1994 as an agency of the United States. See Pub. L. No. 103-354, § 226, 108 Stat. 3178, 3214-16; United States v. Sayer, 450 F.3d

**Gregorio Toledo-Fernández v. United States of America**  Page 7
Civil No. 06-1861 (JAG/BJM)
Report and Recommendation

82, 84 n.1 (1st Cir. 2006) ("The FSA was established as a successor agency to the Farmers Home Administration ... pursuant to the Federal Crop Insurance Reform and Department of Agriculture Reorganization Act of 1994"). Thus, since the FSA existed as an agency of the United States in 1998 when petitioner committed his conduct, any conspiracy to defraud that agency would properly constitute a violation of 18 U.S.C. § 371.

Notwithstanding the above, Count One of the indictment conceivably alleges – in addition to a conspiracy to defraud an agency of the United States – a conspiracy to violate §1014 insofar as it alleges a conspiracy to "make false statements or reports... for the purpose of influencing the actions of the Secretary of Agriculture." (Cr. No. 03-124, Docket No. 475, p.6). To this end, it is worth noting that Count One concludes by stating all of its foregoing allegations were "in violation of Title 18, United States Code, Sections 371 and 1014.). Id. at p. 32.

Be that as it may, the plea agreement underlying petitioner's conviction clearly invokes only the "defraud" modality of § 371 and does not invoke any alleged conspiracy to make false statements in violation of § 1014. (Cr. No. 03-124, Docket No. 803, p. 1-2). The judgment similarly adjudicated a conviction only as to conspiracy to defraud the government in violation of § 371. (Cr. No. 03-124, Docket No. 894, p. 1). Moreover, the First Circuit has held that where a defendant raises an objection to the indictment on appeal, the indictment must be construed liberally, and will be found to be sufficient "unless there is no reasonable construction by which it could charge an offense for which the defendant was convicted." United States v. Forbes, 16 F.3d 1294, 1297 (1st Cir. 1994). This same standard has been applied to a § 2255 petition by at least one court within the First Circuit. See United States v. Welsh, 849 F.Supp. 5, 7 (D.Me. 1994) (addressing a § 2255

**Gregorio Toledo-Fernández v. United States of America**  Page 8
**Civil No. 06-1861 (JAG/BJM)**
**Report and Recommendation**

petition, the court held that "[a]n indictment will be upheld after conviction unless no reasonable construction of the indictment charges the offense for which a defendant is convicted"). Thus, an indictment is tested for sufficiency based upon the charge or charges made for which the defendant was eventually convicted. Here, petitioner pled guilty to, and was convicted of conspiring to defraud the United States under 18 U.S.C. § 371. Clearly, any reasonable construction of the indictment charges petitioner with that same offense. Accordingly, the court had jurisdiction over the case.

### 2. *Alleged Ex Post Facto Violation*

Petitioner's next argument is that the October 22, 1999 amendment to 18 U.S.C. § 1014, if applied retroactively to proscribe fraudulent activity involving successor agencies before the date of the amendment, violates the Ex Post Facto Clause of the Constitution. (Docket No. 1, Ex. III). But, as discussed above, this constitutional argument is inapposite to petitioner's § 2255 motion because he was convicted under 18 U.S.C. § 371, not under § 1014.

Additionally, this court in United States v. Alfonzo Reyes, 410 F.Supp.2d 54 (D.P.R. 2006), found that the amendment did not violate *ex post facto* principles. Id. at 56, *citing* Stogner v. California, 539 U.S. 607, 612 (2003). In Alfonzo Reyes, the court denied the defendants' *ex post facto* claims in their motions to vacate guilty verdicts because the defendants, who were Farm Service Agency employees, were aware that their activities were directed toward influencing the Secretary of Agriculture, acting through an institution of the type included in the statute. Id. The argument that petitioner puts forth here is analogous to the one rejected in Alfonzo-Reyes. Accordingly, not only is the *ex post facto* argument inapposite because it addresses a statute not at issue in the count of conviction, but also because the argument already has been rejected by the

district court judge.

### 3. *Basis in Fact for Conviction*

Finally, petitioner argues that at the change of plea hearing he "admitted facts that were not sufficient to meet the elements of the charged offenses under [Fed. R. Crim. Proc.] 11." (Docket No. 1, Ex. IV). This argument seems to rely on the same mistaken premise that the charge of conviction arose under § 1014, and not under § 371. Clearly, petitioner admitted sufficient facts to sustain his guilty plea to a charge under § 371.

Rule 11 requires that "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed.R.Crim.Proc. 11(b)(3). The court "'has a duty,' in plea proceedings 'to ascertain whether the record permits a conclusion that the plea has a rational basis in fact.'" United States v. Matos-Quiñones, 456 F.3d 14, 21 (1st Cir. 2006), *cert. denied*, 127 S.Ct. 751, *quoting* United States v. Negrón-Narváez, 403 F.3d 33, 37 (1st Cir. 2005). However, "Rule 11 does not require a test of guilt versus innocense, much less proof beyond a reasonable doubt that the defendant is in fact guilty." Id. (internal quotation marks and citations omitted). Rather, the district court must "ensure that there is, on the record as it stands at the time of the plea, a reasoned basis to believe that the defendant actually committed the crime to which he is admitting guilt." Id. The facts relevant to this inquiry may come either from the defendant's admissions and concessions or from credible evidence proffered by the government and not contradicted by the defendant. Id.; see also Negrón-Narváez, 403 F.3d at 37.

Petitioner pled guilty to Count One of the indictment, which charged a conspiracy to defraud the United States under 18 U.S.C. § 371. The statute proscribes any conspiracy of two or more

people to defraud any agency of the United States where one or more co-conspirators undertakes an affirmative action in furtherance of the conspiracy. Id. At the change of plea hearing, the assistant U.S. attorney read word-for-word the government's version of the facts attached to the plea agreement. (See Cr. No. 03-124, Docket No. 1040, pp. 34-39). That stipulation of facts was initialed and signed by petitioner. (Cr. No. 03-124, Docket No. 803, pp. 9-12). The facts include petitioner's agreement with several other individuals to defraud the FSA by submitting false claims of losses due to Hurricane Georges, petitioner's submission of the false claims, his willing receipt of the money given by the FSA in response to the false claims, and his personal use of some of the money received. Id. At the conclusion of the government's recitation, the court asked petitioner if he agreed with the facts alleged:

> THE COURT: Do you fully accept and agree to those facts as stated by [the government]?
>
> PETITIONER: Yes, sir.
>
> THE COURT: Okay. Now, in order for the Court to find you guilty, you must also accept that at all relevant times that those facts could have existed you acted knowingly, willfully, and intentionally. Do you accept this?
>
> PETITIONER: Yes, sir.

(See Crim. No. 03-124, Docket No. 1040). With these admissions, the court had a reasoned basis to believe that petitioner violated § 371. Accordingly, the facts admitted to by petitioner at the change of plea hearing met the requisite standard.

## III.   Conclusion

After careful review, the record does not admit of a "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary

**Gregorio Toledo-Fernández v. United States of America**　　　　　　　　　　　　　　Page 11
**Civil No. 06-1861 (JAG/BJM)**
**Report and Recommendation**

demands of fair procedure." Hill, 368 U.S. at 428.  Accordingly, I recommend that the motion for relief under 28 U.S.C. § 2255 (**Docket No. 1**) be **DENIED**.

　　　　This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(a) of the Local Rules of Court.  Any objections to the same must be specific and must be filed with the Clerk of Court within ten (10) business days.  See Local Rule 72(d); 28 U.S.C. § 636(b)(1).  Failure to file same within the specified time waives the right to appeal this order.  Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4, 6 (1st Cir. 1986); see also Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

　　**IT IS SO RECOMMENDED**.

　　In San Juan, Puerto Rico, this 10th day of May, 2007.


　　　　　　　　　　　　　　　　　　　　　　　　　　　　 S/Bruce J. McGiverin
　　　　　　　　　　　　　　　　　　　　　　　　　　　　BRUCE J. McGIVERIN
　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge